NO. 7971.

7971 STATE OF LOUISIANA

COMMERCIAL-GERMANIA TRUST & SAVINGS BANK.

COURT OF APPEAL

VS

ALBERT SIDNEY WHITE.

PARISH OF ORLEANS.

St. Paul, Judge.

Plaintiff sued out executory process on a note purporting to represent the unpaid purchase price of the property seized and to be secured by vendor's lien and special mortgage thereon; all as per deed of purchase annexed.

Thereupon certain creditors of the defendant enjoined the seizure, alleging (in substance) that plaintiff had acquire the note from defendant himself, who in turn had come into possession thereof by paying to the vendor the purchase price for which the note stood; that the mortgage, having thus been extinguished, did not revive when defendant reissued the note.

For answer plaintiff alleged, and on the trial offered to prove and did prove (over objections), that the purchase price had been paid to the vendor at the very moment of the sale; that accordingly the note then executed never did represent such purchase price and had never passed into the possession of the vendor, but on the contrary had been retained by the defendant; that the sole purpose for which said note (and the mortgage to secure the same) had been confected, was that it might serve defendant as a basis of credit; and that defendant had thus used it with plaintiff, who now held the same

as collater.l security for an unpaid debt exceeding
the amount thereof.

## I.

Our jurisprudence is well settled that when a
mortgage is executed to secure a special (then existing)
debt represented ny note, payment of the debt thus
represented extinguishes the mortgage, and the subsequent
reissue of the note will not revive the mortgage (Bank
vs Gragard, 109 La 677)

It is also equally well settled that when a mortgage
note does not represent a special debt but is intended
only for future use as collateral security (the mortgagee
being only the nominal creditor), such note may be
issued and reissued in that way; and the return thereof
to the maker will not impair the mortgage, which revives
with each reissue of the note. (Herber vs Thompson, 47
An 800; also 41 An 873; 39 An 712; 25 An 364; 22 An 285;
21 An 5; Bander vs Bowmar, 16 La 371)

Hence "Mortgages may be given for debts having no
legal existence at the time of the mortgage (C. C. 3292);
and it is not essential in such a mortgage, even with
respect to third persons, that it should express on its
face that it was executed to secure future debts. It
may even be described as a security for existing debts,
and yet used to protect those which in the contemplation

381

of the parties were to be created at a future time."

Pickeragill vs Brown, 7 An 297 (308-310)

## II.

That the circumstances of this case come within the proposition above last stated, has particularly been decided by the Supreme Court in a case by this same plaintiff against the same defendant, in which all but one of the present plaintiffs-in-injunction were parties; towit, Bank vs White, 145 La 54.

The facts of that case were identical with those here shown; and thereupon the court held; 1. That a note and mortgage given under such circumstances did not represent a special debt, since no debt then existed; 2. That the vendor under such circumstances was only a nominal mortgagee, since he was not a real creditor; 3. That between the holder of such a note (privy to the mortgage) and other creditors (not privy thereto), parol evidence was admissible to show the true nature of the mortgage, since the rule that parol evidence shall not be admitted to contradict or vary the terms of a written instrument, applies only in controversies between parties to the instrument and not in controversies between a party thereto and a third person.

382

### III.

Of the propositions thus laid down, the first and second are not disputed, or even disputable. It is said however that the third proposition is not sound in law, and is in conflict with the old case of Hill vs Hall, 4 Robinson 416, where such testimony was held not admissible

Of the legal soundness of the proposition we entertain no doubt whatever, having heretofore held the same doctrine in Covington Lumber Co vs August Stef, 12 Orleans Appeals, 237 (citing 19 Cyc 749; 105 Federal 559; 88 Federal 207). In this jurisdiction its soundness is the necessary consequence of a statutory provision that even though the consideration stated in the contract does not exist, the contract is none the less valid if a true and sufficient consideration be shown. C. C. 1900.

And since the rule is inapplicable in such a controversy, it follows that neither side may invoke it.

### IV.

Undeniably however Hill vs Hall is in conflict with this doctrine. But as to this it suffices to say, that apart from the fact that this earlier case seems in direct conflict with statutory law, it must also be considered as overruled by the latter case.

An earlier case inconsistent with a later one, must be considered as overruled.

V.

It is also said that 145 La 54 is itself in conflict with a later case, towit, Mc Donald vs Hawkins, 146 La 920. But we do not find it so. In the later case the note purported on its face to represent a _special_ debt, towit, the unpaid portion of the purchase price, and no proof whatever was adduced or even attempted to the contrary.

We think the injunction was properly dismissed, and accordingly;

The judgment herein appealed from is therefore affirmed..